Thurman, C. J.
By the terms of the lease all the improvements-that the -lessee should put on the premises, were to be delivered up-with the lot to the lessor, at the expiration of the Please. The building in question was erected by the lessee, and was a fixture. The interests of the parties then were, a leasehold estate in the hose company, and a reversion in fee in Wilson, the lessor. The lien of the mechanic who erected the building for the company, was upon the leasehold estate, and no more. This point was-decided in Choteau v. Thompson, 2 Ohio St. 123, where it is said: “ The word ‘ owner,’ in the first section of the act, is not limited in its meaning to an owner of the fee, but includes also an owner of a leasehold estate. If the ownership is in fee, the lien is upon the fee, if it is of a less estate, the lien is upon such smaller estate.”
It follows that Dutro acquired by his purchase no greater estate than that of which the hose company was seized, and as they had no right to remove the building, he acquired no such right. The-demurrer was therefore properly sustained.
For the same reason the testimony offered by Dutro, on the inquiry of damages, was properly ruled out, and the rule of damages-claimed by him properly rejected.
The language of the bill of exceptions is not very clear in respect to the rule of damages adopted by the court, but we infer that by the expression, " the value of the building,” is meant its value to the lessor; that is, the value of his reversionary interest in it. In other words, a not very happy phraseology is employed to express ■ the true rule of damages, which was the amount of injury done to the reversionary estate in the lot by the removal of the building. We are strengthened in this inference by the fact that the only exception taken to the assessment is, that no deduction was made of' the amounts for which the mechanics had held liens.

Judgment affirmed.